UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jaquan Chisholm, | ) C/A No. 2:12-0069-SB-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Greenwood County Detention Center, Sheriff Tony Davis, | ) |
| Defendants. | ) |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Greenwood County Detention Center in Greenwood, South Carolina. The Public Index for the Greenwood County Clerk of Court (http://198.206.194.114/greenwood/publicindex/, last visited on February 2, 2012) indicates that Plaintiff has been charged with strong arm robbery (Indictment No. 2011-GS-24-00865), armed robbery (Indictment No. 2011-GS-24-00866), and a second charge of armed robbery (Indictment No. 2011-GS-24-00769).

The original Complaint was a two-page letter. Also, Plaintiff did not submit service documents. Hence, in an order filed in this case on January 11, 2012, the undersigned directed Plaintiff to submit a Form USM-285, an Amended Complaint, and a Motion for Leave to Proceed *in forma pauperis*. Plaintiff has done so. Hence, the above-captioned case is now in "proper form."

In the Amended Complaint (ECF No. 9), Plaintiff adds Sheriff Tony Davis (Sheriff of Greenwood County) as a defendant. In the Amended Complaint, Plaintiff alleges that jail staff failed to provide needed medical attention for his stomach ulcer between the time he entered the Greenwood County Detention on November 1, 2010, and January 5, 2012, when he was taken to Self Regional Hospital in Greenwood. Plaintiff seeks $50,000 in damages from Sheriff Tony Davis for medical expenses, pain and suffering, and neglect.

## *Discussion*

Under established local procedure in this judicial district, a careful review[*] has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New*

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

*York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, however, the Amended Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

The Greenwood County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Greenwood County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008). *Cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996).

Although deliberate indifference to a pre-trial detainee's serious medical needs is actionable under Section 1983, *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any

3

serious medical needs of the detainee."), Sheriff Tony Davis is, nonetheless, subject to summary dismissal because he was not personally involved in the alleged negligence by guards and medical workers at the Greenwood County Detention Center. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 U.S.Dist. LEXIS 54010, 2007 WL 2156632, *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

Moreover, in his official capacity, Sheriff Davis is immune from suit. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (2008); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (2008), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Edwards v. Lexington Cnty. Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of a deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville

County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Moreover, Sheriff Davis is also entitled to summary dismissal because the doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). *Cf. Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); and *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984).

Negligence with respect to medical treatment is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation). *See also Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.


February 9, 2012                                     s/Bruce Howe Hendricks
Charleston, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).